UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HAMZA ALMUKTHAR,

                         Plaintiff,

v.                                                          1:21-CV-0190
                                                            (GTS/CFH)
S&A TRADING USA, INC.;  SAHIL M. AZIZ;
and BILAL A. SHOKIAS,

                         Defendants.
_____

APPEARANCES:

BART MAYOL, ESQ.                                BART MAYOL, ESQ.
  Counsel for Plaintiff
930 Grand Concourse, Suite 1A
Bronx, NY 10451

MAX SMELYANSKY, ESQ.                            MAX SMELYANSKY, ESQ.
  Counsel for Defendants
602 Central Avenue, Suite 102
Albany, NY 12206

GLENN T. SUDDABY, Chief United States District Judge

**<u>DECISION and ORDER</u>**

        Currently before the Court, in this Fair Labor Standards Act ("FLSA") action filed by

Hamza Almukthar ("Plaintiff") against S&A Trading USA, Inc., Sahil M. Aziz, and Bilal A.

Shokias ("Defendants"), is Defendants' motion to dismiss Plaintiff's Amended Complaint for

insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). (Dkt. No. 7.) For the reasons

set forth below, Defendants' motion is denied, and Plaintiff is granted additional time to properly

serve Defendants.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Amended Complaint and Relevant Procedural History

Generally, in his Amended Complaint filed on February 19, 2021, Plaintiff asserts the following claims: (1) a violation of the minimum wage provisions of the FLSA; (2) a violation of the overtime provisions of the FLSA; (3) a violation of the New York Minimum Wage Act; (4) a violation of the overtime provisions of the New York State Labor Law; (5) a violation of the notice and recordkeeping provisions of the New York State Labor Law; (6) a violation of the wage statement provisions of the New York State Labor Law; and (7) a violation of the lawful deduction provisions of the New York State Labor Law. (Dkt. No. 4 [Pl. Am. Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id.*)

On April 9, 2021, Defendants filed their motion to dismiss Plaintiff's Amended Complaint for insufficient service of process. (Dkt. No. 7.) On April 29, 2021, Plaintiff filed his opposition to Defendants' motion to dismiss. (Dkt. No. 10.) On May 4, 2021, Defendants filed their reply in support of their motion to dismiss. (Dkt. No. 12.)

### B.      Summary of Parties' Briefing on Defendants' Motion

#### 1.      Defendants' Motion to Dismiss

Generally, in support of their motion to dismiss, Defendants set forth three arguments. (Dkt. No. 7-6.)

First, Defendants argue that Plaintiff failed to properly serve process on Defendant S&A Trading USA, Inc., because on the alleged date of service (i.e., February 25, 2021) Defendant S&A Trading USA, Inc., was no longer an occupant or lessee doing business at 109 West St.,

a/k/a 122 Quail St., Albany, New York 12206 (the "Property") where Plaintiff effected service. (*Id.* at 3.) Defendants additionally argue Defendant S&A Trading USA, Inc., does not know Ali Mohammad ("Mohammad"), the individual identified as the manager accepting service on behalf of all Defendants, and that Defendant S&A Trading USA, Inc., did not authorize Mohammad to accept service on its behalf. (*Id.*)

Second, Defendants argue that Plaintiff failed to properly serve Defendant Shokias with process because, on the alleged date of service, Defendant S&A Trading USA, Inc., no longer employed Defendant Shokias. (*Id.*) Defendants also argue that Defendant Shokias does not know Mohammad and did not authorize him to accept service on Defendant Shokias' behalf. (*Id.*)

Third, Defendants argue that Plaintiff failed to properly serve Defendant Aziz with process because, on the alleged date of service, Defendant S&A Trading no longer employed Defendant Aziz. (*Id.* at 4.) Defendants also argue that Defendant Aziz does not know Mohammad and did not authorize him to accept service on Defendant Aziz's behalf. (*Id.*)

### 2. Plaintiff's Opposition to Defendants' Motion to Dismiss

Generally, in opposition to Defendants' motion to dismiss, Plaintiff sets forth three arguments. (Dkt. No. 10-2.)

First, Plaintiff argues that the Court should not dismiss his claims against Defendant S&A Trading USA, Inc., because Mohammad, who identified himself to Cozzy as the manager of Defendant S&A Trading USA, Inc., is Defendant Shokias' son and therefore can accept service on behalf of all Defendants. (*Id.* at 2-3.) Plaintiff also argues that Defendant S&A Trading USA, Inc., continues to operate its business at the Property. (*Id.* at 1.)

Second, Plaintiff argues that the Court should not dismiss his claims against Defendant Shokias because he continues to reside at the Property. (*Id.* at 3.) Plaintiff also argues that

3

Mohammad is Defendant Shokias' son, meaning Defendant Shokias knows Mohammad and that Mohammad is authorized to accept service on behalf of his father. (*Id.*)

Third, Plaintiff argues that the Court should not dismiss his claims against Defendant Aziz because he, like Defendant Shokias, is a partner of Defendant S&A Trading USA, Inc., and N.Y. C.P.L.R. § 310(a) states that service on one partner confers jurisdiction over all partners. (*Id.*) Plaintiff argues that, because he properly effected service of process on Defendant Shokias, he also adequately served Defendant Aziz with process. (*Id.*)

### 3.   Defendants' Reply in Support of Their Motion to Dismiss

Generally, in support of their reply to their motion to dismiss, Defendants assert one argument. (Dkt. No. 12.)

Defendants argue that they do not know Mohammad and that the individual Plaintiff identified in his opposition to Defendants' motion to dismiss is not Defendant Shokias' son, but rather his nephew who lives in Jordan and has never visited the United States. (*Id.* at 3.) Defendants further argue that Plaintiff could not have effected proper service on them if the individual Plaintiff identified in his opposition was the person he allegedly served with process. (*Id.*)

### C.   Evidentiary Hearing

On November 17, 2021, the Court held an evidentiary hearing to resolve the factual issues raised in the parties' motions. (*See generally* Docket Sheet). At the hearing, the following three witnesses testified on direct and cross-examination: (1) Chris Cozzy ("Cozzy"), Plaintiff's process server; (2) Farris Albokhiti ("Albokhiti"), the owner of Farris Mart, Inc. in Albany, New York; and (3) Defendant Shokias. At the conclusion of the hearing, the Court reserved decision

on Defendants' motion to dismiss and indicated a written decision would follow. This is that

written decision.

## II.     RELEVANT LEGAL STANDARD

The Court first addresses the parties' confusion regarding which rules serve as the proper

bases of Defendants' motion. Defendants' memorandum of law asserts that they "move to

dismiss pursuant to FRCP 12(b)(5) for a failure to properly serve each and every defendant."

(Dkt. No.7-6 at 2.) However, the attorney affirmation provided in support of the motion to

dismiss states that Defendants "seek dismissal of the within action pursuant to FRCP Rule

12(b)(1)[1] and (5) as the service of process on each defendant was improper and this court does

not have jurisdiction over any defendant." (Dkt. No. 7-1, at 1.) Both parties additionally treat as

synonymous "lack of service of process" and "personal jurisdiction" throughout their

memoranda of law. (Dkt. No. 7-6, 10-2, 12.)

This Court addressed the same issue in *UMG Recordings, Inc. v. Frawley*, where it stated

as follows:

> Defendant[s'] argument that service of process was insufficient (in
> that she was never successfully served with process under Fed. R.
> Civ. P. 4[e] and N.Y. C.P.L.R. § 308) more properly gives rise, in
> the Court's view, to the defense of "insufficient serve of process"
> under Fed. R. Civ. P. 12(b)(5), rather than the defense of "lack of
> personal jurisdiction" under Fed. R. Civ. P. 12(b)(2). This is
> because the former appears to have been designed to challenge
> irregularities in the manner of delivery of the summons and
> complaint, while the latter appears to have been designed to
> challenge personal jurisdiction allegedly obtained pursuant to a
> long-arm statute. 5B Wright & Miller, *Fed. Practice & Proc.*, §
> 1353, at 334-38 (West 3d ed. 2004). However, as perhaps is often

---

[1]      Based on Defendants' arguments, the Court liberally construes this statement as citing
Fed. R. Civ. P. 12(b)(2) (i.e., dismissal based on lack of personal jurisdiction), rather than Fed.
R. Civ. P. 12(b)(1) (i.e., dismissal based on lack of subject-matter jurisdiction).

the case, this perceived mis-designation is immaterial to the
Court's analysis of Defendant[s'] argument, under the
circumstances. *Id.* The general legal standard governing a motion
brought pursuant to Fed. R. Civ. P. 12(b)(2) is the same to the
general legal standard governing a motion brought pursuant to Fed.
R. Civ. P. 12(b)(5): the court must look to matters outside the
pleadings to determine the merits of whether the court has personal
jurisdiction and/or service of process was insufficient; the plaintiff
bears the burden of demonstrating that the court has personal
jurisdiction and/or service was sufficient; and, where the court has
not held an evidentiary hearing on the issue, to survive dismissal,
the plaintiff need only establish a *prima facie* case of personal
jurisdiction or sufficient service (based on sworn affidavits or
other competent evidence). Moreover, Defendant[s'] legal
argument in favor of dismissal for lack of personal jurisdiction is
based on the asserted insufficiency of Plaintiff's service of process.
As a result, the key issue is whether Plaintiff's service of process
on Defendant[s] was insufficient under Fed. R. Civ. P. 4(e) and
N.Y. C.P.L.R. § 308, and whether grounds exist to grant Plaintiff
an extension of time to serve under Fed. R. Civ. P. 4(m).

08-CV-0765, 2011 WL 13234394, at *2 (N.D.N.Y. July 21, 2011) (Suddaby, J.). Accordingly,

the Court liberally construes Defendants' motion to dismiss as seeking dismissal for insufficient

service of process under Fed. R. Civ. P. 12(b)(5).

Fed. R. Civ. P. 4(e) governs service on an individual within the jurisdiction of the United

States. The Rule reads as follows:

Unless federal law provides otherwise, an individual—other than a minor, an
incompetent person, or a person whose waiver has been filed—may be served in a
judicial district of the United States by:

(1) following state law for serving a summons in an action brought in
courts of general jurisdiction in the state where the district court is
located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the
individual personally;

6

(B) leaving a copy of each at the individual's dwelling or usual place or abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Because Fed. R. Civ. P. 4(e)(1) authorizes service of process under state law, service of process is proper in this case if Plaintiff followed N.Y. C.P.L.R. § 308,[2] which permits service of process "made by any of the following methods":

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business…; or

. . .

3. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place, or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on a corporation and states as follows:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership, or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

---

[2]      "The relevant state law for serving a summons in an action brought in courts of general jurisdiction in the state where the Northern District of New York is located is N.Y. C.P.L.R. § 308." *UMG Recordings, Inc.*, 2011 WL 13234394, at *5.

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Under Fed. R. Civ. P. 4(e)(1), a plaintiff may also serve a corporation by following N.Y C.P.L.R. § 311, which permits service upon a corporation "by delivering the summons . . .  to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311. A plaintiff may also serve a defendant corporation by effecting service on the New York Secretary of State. N.Y. C.P.L.R. § 311; N.Y. Bus. Corp. §§ 306, 307.

"Under Fed. R. Civ. P. 4(m), the Court must extend the time to serve if plaintiff has shown good cause, and may extend the time to serve even in the absence of good cause." *Pride v. Summit Apts.*, 09-CV-0861, 2011 WL 13234394, at *2 (N.D.N.Y. June 16, 2010) (Suddaby, J.) (citing Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993 Amendments)).

## III.   ANALYSIS

### A.   Whether Plaintiff Properly Effected Service of Process on Defendants Pursuant to Fed. R. Civ. P. 12(b)(5)

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendants' memoranda of law. (Dkt. Nos. 7-6, 12.) To those reasons, the Court adds the following analysis.

"On a motion to dismiss pursuant to Rule 12(b)(5) for deficient service of process, 'the plaintiff bears the burden of establishing that service was sufficient.'" *Doe by and through Doe v. Brittonkill Cent. Sch. Dist. Bd. of Educ.*, 18-CV-0142, 2018 WL 6622191, at *18 (N.D.N.Y.

Dec. 18, 2018) (quoting *TAGC Mgmt., LLC v. Lehman*, 842 F.Supp.2d 575, 580 (S.D.N.Y. 2012)). "Plaintiff must meet this burden by making a prima facie case of proper service 'through specific factual allegations and any supporting materials . . . .'" *Doe*, 2018 WL 6622191, at *18 (quoting *TAGC Mgmt., LLC*, 842 F.Supp.2d at 580). "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [the Court] presume[s] that [Defendants were] properly served with the complaint." *Old Repub. Ins. Co. v. Pac. Fin. Servs. of Am., Inc.,* 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Old Repub. Ins. Co.*, 301 F.3d at 57; *Tile, Inc. v. CellnTell Distr., Inc.*, 20-CV-0428, 2021 WL 2682253, at *4 (N.D.N.Y. June 30, 2021) (Scullin, J.) (ordering evidentiary hearing to address "dueling affidavits" regarding service of process).

Due to Defendants' sworn denial of receipt of service, which included specific factual allegations disputing Cozzy's affidavit of service, the Court held an evidentiary hearing on November 17, 2021, to address the potential defects in Plaintiff's service of process. (*See generally* Docket Sheet.) At the evidentiary hearing, the Court heard testimony from three previously mentioned witnesses, with the testimony centering on two main issues: (1) the identity of the individual Cozzy served on February 25, 2021; and (2) the status of S&A Trading USA, Inc.'s operations and the individual Defendants' employment at the Property on February 25, 2021.

Specifically, Cozzy testified that at 1:17 p.m. on February 25, 2021, he served three copies of the summons and Amended Complaint on an individual identified as "Ali Mohammad"

at the Property—an address Plaintiff provided to Cozzy's employer. (Tr. 6, 20-21.) Cozzy

testified that he "went [in]to the store and asked who [was] able to accept legal papers," and

Mohammad stated he was the manager and could "accept the legal papers" for all three

Defendants. (*Id.* at 6-7, 12.) When asked whether the Facebook profile picture Plaintiff attached

in opposition to Defendants' motion to dismiss accurately identified Mohammad, Cozzy said he

was not "100 percent sure that's him." (*Id.* at 12-13.) Cozzy also testified about whether he

mailed a copy of the summons and Amended Complaint to Defendants, with his testimony

initially contradicting the Affidavits of Service he completed on February 25, 2021. (*Id.* at 16-

18.)

On the other hand, Albokhiti, who currently owns and operates Farris Mart, Inc., at the

Property, testified that he signed a lease for the Property on January 12, 2021, and began

operating Farris Mart at that location on February 15, 2021. (*Id.* at 23.) Defendants produced a

copy of Farris Mart's tax identification document, which was dated January 26, 2021. (*Id.* at 27.)

Albokhiti testified that he is not affiliated with any of the Defendants, but merely purchased the

grocery/deli from Defendant Shokias. (*Id.* at 29, 34.) Significantly, Albokhiti testified that he

was present at the Property on February 25, 2021, along with two of his employees. (*Id.*) To

Albokhiti's knowledge, no one at Farris Mart was served with process on that date. (*Id.* at 34-

36.) Albokhiti additionally addressed the layout of the Property, which includes the following

notable features: (1) a door on 122 Quail Street that serves as Farris Mart's public entry; (2) a

door to Farris Mart on 109 West Street that remains locked and inaccessible to the public; and

(3) a door on 109 West Street leading to a residential apartment above the commercial space of

the Property. (*Id.* at 36-37.) Albokhiti testified that neither Defendant Shokias nor Defendant Aziz resided at the residential property above Farris Mart at the time of service. (*Id.* at 36.)

Defendant Shokias, who testified that he was the sole owner of Defendant S&A Trading USA, Inc., corroborated Albokhiti's testimony by stating that Defendant S&A Trading USA, Inc., ceased operations on February 15, 2021, after Defendant Shokias sold the market to Albokhiti due to Defendants Shokias' pending felony charge in New York City. (*Id.* at 54-57.) Defendant Shokias testified that he did not appear at the Property at any point after February 15, 2021, and that he had not lived in the residential space at the Property since 2019. (*Id.* at 57-58.) Defendant Shokias further corroborated Albokhiti's testimony that, to Defendant Shokias' knowledge, Defendant Aziz never lived at the residential property. (*Id.* at 65.)

Based on the disputing testimony and the Court's assessment of each witness's credibility, the Court is not satisfied that Plaintiff met his burden to prove, by a preponderance of the evidence, that service was properly effected on the Defendants on February 25, 2021.[3] The parties' briefing on Defendants' motion to dismiss and the testimony provided at the evidentiary hearing create significant doubt as to who (if anyone) Cozzy served on February 25, 2021. Significantly, Albokhiti, who maintains no affiliation with Defendants and has operated Farris

---

[3]     *See S.E.C. v. Reynolds*, 112 F.3d 505 (2d Cir. 1996) (upholding district court's grant of default judgment where the district court held an evidentiary hearing on a service of process issue and discredited defendant's statements provided at the hearing); *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984) ("Because the trial judge is 'the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties,' a reviewing court will defer to this decision unless it is clearly wrong."); *Diversified Mortg. Inv'rs v. U.S. Life Ins. Co. of N.Y.*, 544 F.2d 571, 577 (2d Cir. 1976) (highlighting the Second Circuit "exercise[s] more latitude in review" where there is not "an evidentiary hearing below [where] the credibility of witnesses played an essential part in the District Judge's determination") (citing *Dopp v. Franklin Nat. Bank*, 461 F.2d 873, 879 (2d Cir. 1972)).

Mart at the Property since February 15, 2021, testified that he was working on February 25, 2021 (i.e., the date of service) and that, to his knowledge, neither he nor another Farris Mart employee was served with legal papers. Further, the testimony of both Albokhiti and Defendant Shokias indicate that Defendant S&A Trading USA, Inc., was no longer operating at the Property on February 25, 2021, and that the Property did not serve as either the business or residential address for Defendant Shokias or Defendant Aziz. *See Barnes v. City of N.Y.*, 13-CV-7283, 2015 WL 4076007, at *21 (S.D.N.Y. July 2, 2015) (finding that service on an individual's former place of business "does not satisfy the statutory requirements of CPLR 308"); *Serrano v. N.Y. St. Dep't of Envtl. Conservation*, 12-CV-1592, 2013 WL 6816787, at *17-18 (N.D.N.Y. Dec. 20, 2013) (D'Agostino, J.) (same). The Court therefore finds that Plaintiff has not provided sufficient evidence to meet his burden of proof that he effected service on Defendants in compliance with Fed. R. Civ. P. 4 or relevant New York State law.

**B.      Whether the Court Should Grant Plaintiff Additional Time to Serve Defendants with Process**

After carefully considering the matter, the Court answers this question in the affirmative for the following reasons.

"Under Fed. R. Civ. P. 4(m), the Court must extend the time to serve if plaintiff has shown good cause, and may extend the time to serve even in the absence of good cause." *Pride*, 2011 WL 13234394, at *2 (citing Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993 Amendments)). "In the Second Circuit, courts examine only two factors in determining whether good cause exists to extend the service deadline under Fed. R. Civ. P. 4(m): (1) the reasonableness and diligence of the plaintiff's efforts to serve, and (2) the prejudice to the defendants from the delay." *UMG Recordings, Inc.*, 2011 WL 13234394, at *8 (citing *Jackson v.*

*Foley*, 156 F.R.D. 545, 547-48 (E.D.N.Y. 1994)). The conflicting testimony regarding who Cozzy served (if anyone) at the Property, especially in light of Plaintiff's inaccurate identification of Mohammad as Defendant Shokias' son in his opposition motion, undermines the "reasonableness" of Plaintiff's efforts to serve Defendants and whether Plaintiff satisfies the "good cause" requirement under Fed. R. Civ. P. 4(m).

However, even "'where good cause does not exist, courts remain free to exercise their discretion in extending the time for service.'" *Serrano*, 2013 WL 6816787, at *18 (quoting *Feingold v. Hankin*, 269 F.Supp.2d 268, 277 (S.D.N.Y. 2003)); *UMG Recordings, Inc.*, 2011 WL 13234394, at *9 ("The Advisory Committee Notes to Fed. R. Civ. P. 4 explain that this language confers upon district courts the authority 'to relieve a plaintiff of the consequences of an application of . . . [Subdivision (m)] even if there is no good cause shown."). "In determining whether a discretionary extension is appropriate in the absence of good cause, courts consider the following four factors: '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" *Serrano*, 2013 WL 6816787, at *18 (quoting *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006)).

The first factor does not weigh in favor of a discretionary extension because Plaintiff is well within the statute of limitations on the claims listed in his Amended Complaint. Plaintiff's FLSA claims are subject to a two-year statute of limitations (or potentially three years, if Defendants' actions were willful), and his New York Labor Law claims are subject to a six-year statute of limitations. *See Parada v. Banco Indus. de Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir.

13

2014) (quoting 29 U.S.C. § 255(a)) (addressing FLSA statute of limitations); *Sprague v. T.C. Inn*, 19-CV-1263, 2021 WL 3617705, at *6 (N.D.N.Y. Aug. 16, 2021) (Kahn, J.) (addressing New York Labor Law statute of limitations). Plaintiff worked for Defendants from approximately September 9, 2019, until approximately July 31, 2020, meaning the statute of limitations on his claims has not yet expired. (Dkt. No. 4, at ¶ 19.)

The second factor weighs heavily in favor of a discretionary extension. Plaintiff sent all three Defendants a demand letter on December 15, 2020, which addressed Plaintiff's claims and the damages sought. (Dkt. No. 10-4 [Demand Letter]; Tr. 73.) At no time have Defendants contested receipt of the demand letter.

With respect to the third factor, Defendants promptly filed a motion to dismiss for insufficient service of process and the Court is unaware of any attempts by Defendants to conceal the defects regarding service. However, due to the specific facts of this case (which indicate Defendant S&A Trading USA, Inc., continued to operate at the Property until merely ten days before Plaintiff attempted service and that Defendant Shokias and Defendant Aziz worked for Defendant S&A Trading USA, Inc., in the months directly proceeding Plaintiff's attempted service), the Court finds this factor to be neutral.

The fourth factor weighs in favor of a discretionary extension because Defendants have not argued (nor does the Court find) that they will be prejudiced by a discretionary extension for Plaintiff to properly effect service. *See UMG Recordings, Inc.*, 2011 WL 13234394, at *8 ("[T]he Court has difficulty seeing how 'having to defend' against Plaintiffs' claim can, itself, constitute prejudice, where such a burden would always exist under the circumstances . . . .") (citing *Foley*, 156 F.R.D. at 547-48 and *Itel Container Intern. Corp. v. Atlanttrafik Exp. Serv., Ltd.*, 686 F.Supp. 438, 444 (S.D.N.Y. 1988)).

14

For these reasons, the Court grants Plaintiff a discretionary extension to effect proper service upon Defendants. Plaintiff has thirty (30) days to effect such service.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 7) is **<u>DENIED</u>**; and it is further

**ORDERED** that Plaintiff is granted **THIRTY (30) DAYS** in which to properly serve Defendants.

Date:   December 13, 2021

Hon. Glenn T. Suddaby
Chief U.S. District Judge