UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HAMZA ALMUKTHAR; SALLAM ALI NAJI,

                              Plaintiffs,

     v.                                                 1:21-CV-190 (GTS/CFH)

S & A TRADING USA INC., et al.

                              Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Law Office of Bart Mayol<br>930 Grand Concourse, Ste. 1A<br>Bronx, New York 10451<br>Attorney for plaintiff | BART MAYOL, ESQ. |
| Smelyansky Law<br>602 Central Avenue, Ste. 102<br>Albany, New York 12206<br>Attorney for defendant | MAX SMELYANSKY, ESQ. |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## DECISION & ORDER

     Presently before the Court is defendants' motion to disqualify plaintiff's counsel pursuant to Rule 3.7 of the New York State Rules of Professional Conduct.[1]  Dkt. No. 31.  Plaintiff opposes and cross moves to disqualify plaintiff's counsel pursuant to either

---

[1] Defendants' counsel refers to the Rules both as the New York Rules of Professional Conduct and the New York Court of Professional Responsibility.  See Dkt. No. 31-1 at 1, 2.

Rule 1.7 and/or Rule 1.9 of the New York State Rules of Professional Conduct.[2]  See Dkt. Nos. 32-33.[3]  For the reasons set forth below, both motions are denied.

## I.  Background

Plaintiff commenced this action on February 18, 2021, and amended his complaint on February 19, 2021.  See Dkt. Nos. 1 ("Compl."), 2 ("Am. Compl.").  Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq. ("FLSA') and for violations of the New York Labor Law §§ "90 et seq., 650 et seq." Am. Compl. at 3.

Plaintiff contends that defendants employed him as a "deli counter waiter" but he "was required to spend a considerable part of his workday performing non-tipped duties, including but not limited to placing orders, answering the phone, packing up food orders, working as a cashier, making sandwiches, removing food from the deli container, washing dishes and utensils, cutting vegetables and waiting on customers."  Id. at 2. Plaintiff alleges that he worked for defendants for over forty hours per week "without appropriate minimum wage and overtime compensation" at either "the straight rate of pay or for any additional overtime premium" and at a rate "that was lower than the required tip-credit rate."  Id.  Plaintiff argues that "under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Alumukthar['s] non-

---

[2]  Plaintiff's counsel's Notice of Motion states that it seeks to disqualify defendants' counsel pursuant to Rule 1.7.  However, plaintiff's Memorandum of Law states that plaintiff seeks to disqualify defendants' counsel pursuant to Rule 1.9.  Compare Dkt. Nos. 32 at 1-2 with Dkt. No. 33 at 1-4.  Counsel also interchangeably refers to the New York State Rules of Professional Conduct, the New York State Rules of Professional Responsibility, and the New York Rules of Ethics.  See Dkt. Nos. 32 at 2; 33 at 1, 3.
[3]  On June 14, 2022, the Court issued a Text Notice of Filing Deficiency, advising plaintiff's counsel that his filing at docket number 32 was not in compliance with Northern District of New York Local Rule 7.1 and directed counsel to file a Memorandum of Law within three days. See Text Notice dated June 13, 2022. Plaintiff's counsel complied. See Dkt. No. 33.

tipped duties exceeded 20% of each workday, or 8 hours per work day, whichever is less[.]"  Id.  Plaintiff alleges that defendants "employed the policy or practice of disguising Plaintiff Almukthar['s] actual duties in payroll records by designating him as a waiter instead of a non-tipped employee" in order to "avoid paying Plaintiff Almukthar at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do."  Id. at 2.  Plaintiff alleges that this "conduct extended beyond Plaintiff Almukthar to all similarly situated employees."  Id. at 2.

Next, plaintiff argues that he paid "$86,000 in cash to the defendants for a partnership interest in the subject premises" and "[a]fter having worked in the store for many months, the defendants promised to add him to a lease that was then in effect," but never did.  Dkt. No. 33 at 2.  Due to their failure, plaintiff asked Mr. Mayol "to draft a partnership agreement for the parties to sign."  Id.  Plaintiff "paid the majority of the fee for the partnership agreement with the understanding that Shokias Bilal would come and pay a remaining balance of $100 to pick up and sign the partnership agreement."  Id. at 2.  Mr. Mayol contends that designating eceipts as a "'consultation' is a standard receipt for most payments made in your affiant's office."  Id.

Further, plaintiff provides that he "had already met with opposing counsel, Max Smelyansky at the subject premises to discuss executing a partnership agreement but because the fee as too high, the Plaintiff asked your affiant to draft one."  Dkt. No. 33 at 2. Mr. Mayol contends that the "alleged consultation" between defendants and Mr. Mayol "lasted a minute when the defendants came to sign and pick up the agreement."  Id.  When defendant Bilal asked Mr. Mayol if he was "Hamza's Lawyer or mine?[,]" Mr. Mayol advised him that he was plaintiff's lawyer.  Id. at 3.  "[U]pon being told 'Hamza,'

3

both defendants immediately left and stated they would bring the agreement to their own lawyer." Id. at 3.

Defendants contend that plaintiff has never been their employee "[a]s defined by the Fair Labor Standards Act (FLSA) and/or New York Labor Law (NYLL)" or "under any and every definition of the word." Dkt. No. 22 at 12.  They argue that plaintiff sought to purchase an ownership interest in defendants' business, and commenced this lawsuit in retaliation for defendants' withdrawing from the sale.  See generally Dkt. No. 22; Dkt. No. 31-1 at 2.  They contend that because plaintiff asserts that he "worked for Defendants' [sic] in excess of 40 hours per week, without appropriate minimum wage compensation . . . . [he] should arguably be unable to financially afford to buy a 33.3% interest in the defendants [sic] business" for $86,000.00.  Id. at 3.

On April 9, 2021, defendants moved to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(5).  See Dkt. No. 7-8.  Plaintiff opposed.  See Dkt. No. 10.  Defendants replied.  See Dkt. No. 12.  On October 29, 2021, the Court reserved decision on the motion to dismiss "pending the receipt of a supplemental declaration from Plaintiff's process server regarding the facts and circumstances surrounding his service of process on Defendants, and the conducting of an evidentiary hearing to resolve the factual disputes that exist regarding whether Plaintiff effected service of the summons and complaint on Defendants."  Dkt. No. 13.  On November 3, 2021, plaintiff filed a supplemental affidavit of service.  See Dkt. No. 13.  Following a hearing, the Court issued a Decision & Order denying defendants' motion to dismiss.  See Dkt. No. 16.

## II. Legal Standard

"It is well-established in the Second Circuit that a motion to disqualify one's former counsel is committed to the court's sound discretion." Young v. Cent. Square Cent. Sch. Dist., 213 F. Supp. 2d 202, 215 (N.D.N.Y. 2002) (citing Marshall v. State of N.Y. Div. of State Police, 952 F. Supp. 103, 106 (N.D.N.Y. 1997)). "The Court of Appeals has cautioned courts not to grant motions to disqualify counsel indiscriminately." Shabbir v. Pakistan Int'l Airlines, 443 F. Supp. 2d 299, 305 (E.D.N.Y. 2005) (citing Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)).

The Second Circuit holds that disqualification of counsel is "warranted" where:

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client.

United States v. Prevezon Holdings Ltd., 839 F.3d 227 (2d Cir. 2016) (quoting Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983)); accord. N.Y. Rules of Prof. Conduct 1.9(a).5. "Disqualification of an attorney is only appropriate where there has been a clear violation of the Code of Professional Responsibility leading to a 'significant risk of trial taint.'" Shabbir, 443 F. Supp. 2d at 305 (quoting Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir.1981)). "Such a risk exists when 'the attorney is in a position to use privileged information acquired in the representation of a client against that client in another matter' or when 'there is significant risk that the conflict will affect the attorney's ability to represent his or her client with vigor.'" Id. (quoting Universal City Studios, Inc. v. Reimerdes, 98 F.Supp.2d 449, 455 (S.D.N.Y. 2000)).

"Federal courts located in the State of New York also look to the NYRPC [New York Rules of Professional Conduct] in deciding disqualification motions, although, 'because the authority to disqualify an attorney is a function of the court's inherent supervisory power, these rules provide guidance only and are not conclusive'." Reyes v. Golden Krust Caribbean Bakery, Inc., No. 15CV7127(DF), 2016 WL 4708953, at *7 (S.D.N.Y. Sept. 1, 2016) (quoting Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010) (internal citations omitted). Rule 1.7, "Conflict of Interest: Current Clients states[,]"

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:
> (1) the representation will involve the lawyer in representing differing interests; or
> (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

NY ST RPC Rule 1.7 (McKinney 2022). Rule 1.9: "Duties to Former Clients" provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
> (b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

> (1) whose interests are materially adverse to that person; and
> (2) about whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter.
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1) use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known; or
> (2) reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

NY ST RPC Rule 1.9 (McKinney 2022).  Rule 3.7, "Lawyer as Witness[,]" states:

> (a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
> (1) the testimony relates solely to an uncontested issue;
> (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
> (3) disqualification of the lawyer would work substantial hardship on the client;
> (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
> (5) the testimony is authorized by the tribunal.
> (b) A lawyer may not act as advocate before a tribunal in a matter if:
> (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or
> (2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

NY ST RPC Rule 3.7 (McKinney 2022).

"Because the courts must guard against tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny, particularly motions' based on the witness-advocate rule." John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 420 (S.D.N.Y. 2015) (internal citations and quotation marks omitted).  Although

motions to disqualify are not lightly granted, doubts are resolved in favor of disqualification.  See Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir.1975).

### III.  Arguments

Defendants' counsel moves pursuant to Rule 3.7 to disqualify plaintiff's counsel, Bart Mayol, arguing that plaintiff's counsel will serve as a material witness. See Dkt. No. 31-1 at 2.  Specifically, defendants contend that before plaintiff filed the lawsuit, "Defendants' [sic] met with plaintiff's attorney, Bart Mayol, for a consultation regarding the partnership agreement and how the parties would proceed." Id. at 3.  Mr. Mayol provided the consultation to defendant Shokias on December 7, 2020, in his New York City office.  Id.  Defendants contend Mr. Mayol collected from Mr. Shokias a $100.00 "consultation fee" and provided a signed receipt indicating that Mr. Shokias paid $100 for a "consultation."  Dkt, No. 31-3 at 2.

Defendants contend that the consultation involved "discussions with attorney Bart Mayol related to the partnership agreement and his relationship to the Plaintiff, Hamza Almukthar." Dkt. No. 31-1 at 4.  Given that Mr. Mayol "is directly linked to all aspects of the partnership negotiations including the creation and possible execution of the agreement," "met with all parties on more than one occasion o discuss the partnership agreement and, on at least one occasion . . . collected a fee to speak with defendant on the matter," defendants argue that Mr. Mayol "should be called as a witness to testify as to the existence of this partnership agreement and the details surrounding its creation and execution or lack thereof." Id. at 4.  Indeed, defendants argue that Mr. Mayol is an "essential witness" whose "testimony is necessary for the defense of the claims

8

asserted in the Complaint." Id. at 7.  Specifically, "the details pertaining to Bart Mayols [sic] creation of the partnership agreement, his facilitation of the negotiations, his witnessing of the alleged execution and his direct communications and paid consultations with the defendant makes him the most valuable witness to the defense." Id.  Defendants contend that Mr. Mayol "has been aware of the conflict in representing the plaintiff . . . as of at least March of 2020 when he drafted a partnership agreement on behalf of the Plaintiff" but has refused to withdraw as counsel.  Id.  Defendants argue that "no undue hardship or prejudice would result" because plaintiff's attorney "has been aware of the conflict, no discovery has occurred, and no trial date has been set[.]" Id.

      Plaintiff's counsel opposes and cross-moves to disqualify defendants' counsel. In his Notice of Motion and Affirmation in Opposition, plaintiff's attorney contends that he is seeking to disqualify defendants' counsel pursuant to "Rule 1.7(1-8)"[4] because defendants' counsel "previously consulted with the plaintiff" and "must inform the client of any potential conflict of interest and obtain a written waiver," which he did not do. See Dkt. No. 32 at 2.  However, in counsel for plaintiff's memorandum of law, he argues that defendants' counsel must be disqualified pursuant to Rule 1.9, for the same reasons -- plaintiff met with defendants' counsel for a consultation and "even though no fee was collected for that consultation, opposing counsel has knowledge which is materially adverse to the Plaintiff."  Dkt. No. 33 at 4.  He further argues that opposing counsel did not "give informed consult in writing that meeting with the Plaintiff could lead to a potential conflict later on."  Id.  Plaintiff's counsel argues that

---

[4]  Plaintiff's counsel twice refers to Rule 1.7(1-8), however, the current Rule 1.7 of the New York Rules of Professional Conduct do not have any subsections reflecting "1-8".  Instead, there is a section "a" with subsections "1" and "2" and a section "b" with subsections "1-4."  NY ST RPC Rule 1.7 (McKinney 2022).

> [a]lthough not the exact same matter, the issue of the partnership is substantially related to this case because there needs to be established a factual analysis as to whether the plaintiff was an employee for purposes of this case.  Now, defendants deny signing the partnership agreement and deny employing the plaintiff.  These are issues of fact to be decided by this Court in denying defendant's motion to disqualify your affiant.  Thus, opposing counsel Max Smyelansky must be disqualified from this proceeding as well, if your affiant is also disqualified. In the alternative, plaintiff should be allowed 90 days to find substitute counsel if your affiant is disqualified.

Id.  In indirectly responding to defendants' argument that he is conflicted pursuant to Rule 3.7, plaintiff's counsel contends that defendants did not consult with him "because they merely came to sign and pickup the partnership agreement" and that there was "no discussion beyond picking up the agreement papers."  Dkt. No. 32 at 1-2.  He contends that "consultation" receipt was "mislabeled."  Id. at 1.

IV.  **Discussion**

Both motions must be denied because neither party has met their burden at this time.  The Court will address first defendants' motion to disqualify plaintiff's counsel based on their insistence that he will be a material witness at trial.  "[W]here only the moving party intends to call the adversary's attorney as a witness, 'the movant must demonstrate both that the lawyer's testimony is 'necessary' and that there exists a 'substantial likelihood that the testimony would be prejudicial to the witness-advocate's client.'" John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 420 & n.4 (S.D.N.Y. 2015) (quoting Acker, 2013 WL 1285435, at *1) (noting that even though the post-2009 model Rules eliminated an explicit rule that stated that an attorney could not be disqualified unless his/her testimony would be prejudicial to the position of his/her client, "courts continue to require a showing that the attorney's testimony would

be prejudicial in these circumstances.") (citations omitted); see also GBML LLC v. M2B Investors, Ltd., 22-CV-3138 (RPK), 2022 WL 3566549, at *2 (E.D.N.Y. Aug. 18, 2022) ("[T]he key inquiry in connection with the motion to disqualify is the potential prejudice to the client . . . arising from the involvement of the 'attorney-witness.'").

Defendants do not meet their burden of demonstrating that Mr. Mayol's testimony is "necessary." Defendants contend that Mr. Mayol's testimony is needed to assess the question of whether plaintiff was "'employed' by defendants" and that his "creation of the partnership agreement," "facilitation of the negotiations," "witnessing of the alleged execution and his direct communications and paid consultations with the defendant makes him the most valuable witness to the defense." Dkt. No. 31-1 at 7. Defendants further argue that Mr. Mayol is "the only person who has knowledge of key issues in the defense of the case and has an interest in the outcome." Id. Defendants arguments are "broad generalities" that do not suffice to meet the high burden of the lawyer as a witness rule. Levy v. Suissa, 16-CV-2532 (EK-ARL), 2020 WL 7296857, at *1-2 (E.D.N.Y. Dec. 11, 2020).

Even if the Court had concluded that defendants had shown that Mr. Mayol's testimony is "necessary," they have failed to demonstrate a substantial likelihood of prejudice. See Shabbir v. Pakistan Int'l Airlines, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005) (concluding that a moving party "must demonstrate that the testimony of the attorney subject to disqualification is both necessary and substantially likely to be prejudicial."). "The testimony of an attorney at trial is considered prejudicial if it is sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the client might have an interest in the lawyer's independence in

11

discrediting the testimony." Id.;Universal Safety Response, Inc. v. Secure USA, Inc., No. 08CIV4851LTSDCF, 2010 WL 11595035, at *2 (S.D.N.Y. Apr. 27, 2010) ("Where it is unclear whether an attorney's testimony will be necessary, a motion to disqualify should be dismissed, unless there is a showing of clear prejudice to the moving party.") (citation omitted).

The Court cannot conclude that prejudice to Mr. Mayol's client is presumed as the Court has been provided with no indication as to how Mr. Mayol might testify. Further, defendants do not "explain how such testimony would be adverse to defendants' version of facts.  In fact, [defendants] make no argument at all regarding the existence of prejudice." Reyes v. Golden Krust Caribbean Bakery, Inc., 15-CV-7127 (DF), 2016 WL 4708953, at *12 (S.D.N.Y. Sept. 1, 2016).  The mere statement that Mr. Mayol negotiated the "creation of the partnership agreement," "facilitat[ed] . . . the negotiations," "witness[ed] . . . the alleged execution and his direct communications and paid consultations with the defendant" is insufficient, especially because plaintiff's counsel argues that he did not consult with defendants.  Dkt. No. 31-1 at 7. Accordingly, defendants' motion to disqualify plaintiff's counsel is denied.  However, the motion is denied without prejudice and with leave to renew should defendants be able to demonstrate at a future time, in good faith, that such factors are present.

Plaintiff's cross motion pursuant to Rule 1.7 and/or Rule 1.9 also must be denied. It appears plaintiff is suggesting that defendants' counsel must be disqualified due to a conflict of interest insofar as he "consulted" with plaintiff.  He contends that Mr. Smelyansky must be disqualified from representing plaintiffs because he first met with plaintiff "to discuss the formation of a partnership." Dkt. No. 32 at 2.  Plaintiff provides

12

"[u]nder the New York Rules of Ethics[5] an attorney may not go against a client who consulted with that attorney and also has a duty to safeguard that client's confidences." Id. Plaintiff further states that "when there is a conflict of interest that attorney must inform the client of any potential conflict of interest and obtain a written waiver." Id. Plaintiff also argues that a conflict existed because "opposing counsel consulted with the plaintiff and defendants at the same time about forming a partnership" and is now "representing the defendants against the plaintiff with whom he previously consulted" without obtaining a waiver. Id. As defendants do not file a reply, the Court is unaware of defendants' position whether Mr. Smelyansky did or did not meet with plaintiff. However, Rule 1.7 applies to concurrent representation, which plaintiff has fails to demonstrate is at issue here as plaintiff does not even demonstrate that Mr. Smelyansky ever represented plaintiff. See generally Akagi v. Turin Housing Dev. Fund Co., Inc., 13 Civ. 5258 (KPF), 2017 WL 1076345, at *8 (S.D.N.Y. Mar. 22, 2017) (noting that Rule 1.7 "concerns concurrent representation."). As plaintiff has not met his burden of proving that Mr. Smelyansky ever represented plaintiff, he has not shown that Rule 1.7 applies, let alone serves as a basis for his disqualification as defendants' counsel. Accordingly, insofar as plaintiff moves pursuant to Rule 1.7 of the Rules of Professional Conduct, that motion is denied.

Insofar as plaintiff may be invoking Rule 1.9, even accepting all of counsel's allegations as true, plaintiff's motion fails to demonstrate that defendants' attorney represented plaintiff. Plaintiff alleges that he met with defendants' counsel, Mr. Smelayansky, to discuss executing a partnership agreement, had a "lengthy

---

[5] As noted above, plaintiff's counsel refers both to the "Rules of Ethics" and "Rules of Professional Conduct." It appears his reference to the "Rules of Ethics" is a scrivener's error.

13

consultation, but declined when he felt the "fee was too high" and instead had Mr. Mayol draft the partnership agreement. Dkt. No. 33 at 2-3. He does not allege that plaintiff ever signed a retainer agreement or even had the understanding that Mr. Smelyansky was representing him. Plaintiff concedes that Mr. Smelyansky did not collect a fee from plaintiff[6] but argues that he "has knowledge which is materially adverse to the Plaintiff." Id. at 4.

     Plaintiff shows no authority that states that, under Rule 1.9, a person who has met with an attorney for a consultation but declined to hire the attorney has "represented" that person within the meaning of the Rule. Although counsel for plaintiff argues that Mr. Smelyansky "has knowledge which is materially adverse to the Plaintiff," this statement is entirely conclusory and insufficient to meet the heightened burden warranting disqualification. Plaintiff provides no suggestion as to what "adverse" information Mr. Smelyansky might know as a result of his consultation with plaintiff nor suggest how any knowledge he may have would be at all adverse to plaintiff's interests. "'Vague and conclusory allegations are insufficient to meet the burden required to disqualify counsel'" based on a conflict of interest." Reyes, 2016 WL 4708953, at *13

---

[6] Plaintiff appears to be attempting to "prove" the existence of consultation between Mr. Smelyansky and plaintiff through a copy of an alleged text message purportedly showing "that the plaintiff would meet with defendant's counsel to discuss the formation of a partnership." Dkt. No. 32 at 2. However, plaintiff does not explain who this text message is between. To the extent he may be suggesting that this exhibit is an image of a text message between plaintiff and Mr. Smelyansky, there is nothing in that image proving that fact. Although there is a reference to being "[i]n court," there is nothing in this image to show this text message came from Mr. Smelyansky. Confusingly, this image does not follow the typical text message formatting that would suggest the text message communication is even between two people. Further, it does not show a date. See Dkt. No. 32-3. Regardless, even if the exhibit did clearly show a text message communication between plaintiff and Mr. Smelyansky, it does not demonstrate that they had a legal consultation involving the giving or receiving of legal advice or that plaintiff provided to Mr. Smelyansky information that would be adverse to his interests. See id.

14

(S.D.N.Y. Sept. 1, 2016) (quoting Persh v. Petersen, No. 15 Civ. 141 (LGS), 2015 WL 5773566, at *5 (S.D.N.Y. Oct. 2, 2015)).

As plaintiff has not shown that he is a former client of Mr. Smelyansky's, he has not demonstrated that informed consent was required before Mr. Smelyansky represented defendants. As plaintiff has not met his burden of demonstrating that Mr. Smelyansky has violated Rule 1.9, to the extent his motion to disqualify is based on the alleged violation of that rule, the motion to disqualify based on Rule 1.9 is denied.

### V. Conclusion

For the reasons discussed herein, the Court cannot conclude that either party has carried their burden of proof to warrant disqualification of either counsel. "Too much remains unknown." Rosefield v. Orentreich, No. 98 CIV. 2721 (TPG), 1998 WL 567750, at *6 (S.D.N.Y. Sept. 4, 1998).

**WHEREFORE**, it is hereby

**ORDERED**, that defendants' motion to disqualify plaintiff's counsel pursuant to Rule 3.7 of the New York Rules of Professional Conduct, Dkt. No. 31, is **DENIED without prejudice**; and it is further

**ORDERED**, that plaintiff's cross-motion to disqualify defendants' counsel pursuant to Rule 1.7 or Rule 1.9 of the New York Rules of Professional Conduct, Dkt. No. 32, is **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve this Decision & Order on parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: November 22, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge